## TRAMUTA v. RISO. *
### No. 16584.

Court of Appeal of Louisiana. Orleans.

March 22, 1937.

Dufour, St. Paul, Levy & Miceli, of New Orleans, for appellant.

Maurice B. Gatlin, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Paul A. Tramuta, brought this suit against Dominick Riso, doing business under the trade name of the United Paper Company, for the sum of $299, representing alleged commissions earned by him from April 1, 1936, to April 25, 1936,

*Rehearing denied April 19, 1937.

while acting as a salesman in the employ of the defendant.

The defendant admits the employment, but denies the indebtedness to the plaintiff in the sum claimed; it being contended that, under an alleged verbal contract between the parties, the plaintiff was without right to terminate the employment as salesman without giving him 30 days' notice. He avers that the plaintiff, without just cause, left his employ without notifying him as agreed upon and that, therefore, under the provisions of article 2750 of the Civil Code, the plaintiff has forfeited his right to claim the commissions earned. The defendant also reconvenes for damages to his business in the sum of $606, which he claims is due him because of the failure of the plaintiff to report to work after April 25, 1936, and also because of plaintiff's bad faith in quitting his job without giving the 30 days' notice agreed upon.

The trial court found in favor of plaintiff in the sum of $209.67 subject to a credit of $12.98, and dismissed the defendant's reconventional demand. From this adverse judgment, the defendant has appealed.

It is conceded that, if the plaintiff is right in his contention, the amount of the judgment of the lower court is correct. However, the defendant maintains that, while the plaintiff was employed by him as manager of the fine paper department of his business, at a salary of $12 per week plus 5 per cent. commission on the sales, the evidence reveals an understanding between the parties to the effect that the employment could not be terminated without prior notice of 30 days. It follows, from this statement of the issue, that the defendant can only be successful in sustaining his reconventional demand in the event he has proved, by a preponderance of evidence, that plaintiff was not entitled to terminate the employment without giving the alleged 30 days' notice.

The facts of the case, respecting the employment, are as follows:

The plaintiff was employed by the defendant as a salesman during the year 1931. Some time during the year 1934, it was agreed, between the plaintiff and the defendant, that plaintiff's salary would be $12 per week plus 5 per cent. commission on sales of fine paper made by him. Defendant testifies that, at the time the agreement was made, it was also stipulated that this employment could not be terminated by either party without 30 days' notice. His evidence is corroborated by one Durel, who states that, some two years before the institution of this suit, he heard the conversation between plaintiff and defendant and that the defendant told the plaintiff that the employment could not be terminated without giving a 30-day notice.

On the other hand, the plaintiff denies that any agreement respecting a 30-day notice was made. He says that the reason why he left the employ of the defendant was because of the fact that the defendant and his wife, who also works in defendant's business, were trying to force him into a marriage with defendant's sister-in-law.

■■■ The best that can be said about the case is that it involves purely questions of fact and the trial judge, who saw and heard the witnesses, evidently believed the plaintiff, and, as we have so often held, we will not disturb the lower court's finding on questions of fact unless we are convinced that it is manifestly erroneous. A reading of the record reveals no apparent error in the judgment below.

Articles 2746 through 2750 of the Civil Code, relating to the hiring of servants and laborers, could only have application to the case if the defendant had been able to substantiate his claim that plaintiff was not entitled to terminate the employment without giving to defendant a 30-day notice.

The judgment appealed from is therefore affirmed.

Affirmed.